IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBRA A. KILLINGSWORTH, et al.  :      CIVIL ACTION
                          :
         v.            :
                          :
JOHN E. POTTER, et al.        :      NO. 05-4271

MEMORANDUM

Bartle, C.J.                            March 20, 2006

        Plaintiffs Debra Killingsworth and her husband David Killingsworth have sued defendants John E. Potter, Postmaster General, United States Postal Service, and three postal employees, Louis Spadaro, Glenn Sullivan and Roland Ragsdale. Debra Killingsworth alleges she suffered discrimination on the basis of sex as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. She has also brought state law claims asserting intentional infliction of emotional distress and assault and battery while her husband sues for loss of consortium.[1] Before the court is the motion of the defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment under Rule 56.

_____

1. When we refer to the "plaintiff" we are speaking of Debra Killingsworth. The other plaintiff, David Killingsworth, is a plaintiff only as to the derivative state law claims.

I.

Under Rule 12(b)(6), a claim should be dismissed only
where "it appears beyond doubt that plaintiff[s] can prove no set
of facts in support of [their] claim which would entitle [them]
to relief."  In re Rockefeller Ctr. Props., Inc. Sec. Litig.
("Rockefeller"), 311 F.3d 198, 215 (3d Cir. 2002).  All well-
pleaded allegations in the complaint must be accepted as true,
and all reasonable inferences are drawn in favor of the non-
moving party.  Id.  We may consider "the allegations contained in
the complaint, exhibits attached thereto, and matters of public
record."  Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190
n.3 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol.
Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  In deciding a
motion to dismiss, a court also may consider "document[s]
*integral to or explicitly relied* upon in the complaint ...
without converting the motion [to dismiss] into one for summary
judgment."  In re Burlington Coat Factory Sec. Litig.
("Burlington Coat Factory"), 114 F.3d 1410, 1426 (3d Cir. 1997)
(emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82
F.3d 1194, 1220 (1st Cir. 1996)).  If, however, the court must
look beyond the pleadings, a motion to dismiss may be converted
into a motion for summary judgment under Rule 56.

Rule 56 of the Federal Rules of Civil Procedure permits
us to grant summary judgment only "if the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to

-2-

any material fact and that the moving party is entitled to summary judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 254.  We review all evidence and make all reasonable inferences from the evidence in the light most favorable to the non-movant. See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).  The non-moving party may not rest upon mere allegations or denials of the moving party's pleadings but must set forth specific facts showing there is a genuine issue for trial. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

## II.

Individual defendants Louis Spadaro, Glenn Sullivan and Roland Ragsdale argue that the plaintiff's Title VII claims against them as individuals must be dismissed.  For the last decade, our Court of Appeals has clearly and consistently stated that individual employees cannot be held liable under Title VII. See, e.g., Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc).  Therefore, we will dismiss the plaintiff's claims of sex discrimination against defendants Spadaro, Sullivan and Ragsdale.

The remaining defendants argue that the plaintiff's Title VII claims must be dismissed because she did not comply with regulations requiring her to contact a counselor within 45

days of the alleged acts of discrimination and because she failed
to file her Complaint in this court within 90 days of the final
agency decision.  Plaintiff responds that on several occasions
she complained of harassment to various postal employees and that
we should deem those complaints a timely invocation of the
administrative system.  Failing that, the plaintiff maintains
these complaints should toll the time required to initiate
counseling.  She also asserts that she did file her complaint
within 90 days of the day she learned of the final agency action.

When a federal employee believes that he or she has
suffered some form of discrimination in violation of federal law,
he or she must "consult a Counselor prior to filing a complaint
in order to resolve the matter."  29 C.F.R. § 1614.105(a).  The
employee "must initiate [such] contact ... within 45 days" of the
alleged discriminatory act or the effective date of any personnel
action.  Id. § 1614.105(a)(1).  Unless the employee agrees to a
longer period of counseling or elects alternative means of
dispute resolution, the counselor must inform the aggrieved
employee in writing no less than 30 days after the initial
interview of his or her right to file a discrimination complaint
within 15 days of receiving such notice.  Id. § 1614.105(d).  If
the employee does not comply with these time limits, an agency is
required to dismiss the entire complaint.  Id. § 1614.107(a)(2).

Title VII allows an aggrieved employee to bring a civil
action in federal court only if the employee has first exhausted
the required administrative remedies.  42 U.S.C. § 2000e-16(c).

-4-

The employee must bring suit within 90 days of receiving notice
of "final action" taken by the administrative agency with regard
to the charge of discrimination.  Id.  The exhaustion requirement
and the 90-day time period in which to file a complaint are not
jurisdictional but rather are defenses akin to statutes of
limitations.  See Zipes v. Trans World Airlines, Inc., 455 U.S.
386, 393 (1982); Anjelino v. New York Times Co., 200 F.3d 73, 87
(3d Cir. 1999).  Therefore, the defendants bear the burden to
establish that the plaintiff failed to exhaust administrative
remedies or did not comply with applicable time limits.  See
Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).  In
addition, the time limitations may be tolled under appropriate
circumstances.  Anjelino, 200 F.3d at 87.  The plaintiff bears
the burden of showing the doctrine of equitable tolling should
apply.  See Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d
Cir. 1997).

        Plaintiff alleges several acts of sexual harassment
occurring primarily between April and July of 2004 but also
extending into November of that year.  She also contends she
reported the harassing behavior to various other postal employees
during the summer of 2004.  The record reflects that in July, the
plaintiff reported the offending conduct to Joseph Brown,
Supervisor of Distribution Operations, and Ronald Lamb, the
Employee Assistance Program Supervisor.  On September 17, the
plaintiff again spoke with Lamb in his office about her

                              -5-

allegations of harassment but during the meeting suffered a panic attack and was taken to a local hospital.  After being released from the hospital the next day, she gave a statement to Cindy Davis, who is described as a "Sexual Harassment Coordinator."  In her statement, the plaintiff described several instances of harassment that had taken place over the preceding months.

After September 18, the plaintiff did not report to work due to depression.  In October, she was contacted at her home by Sheila Locus and Ray Ingram who identified themselves as postal investigators.  They met with both plaintiffs at their home to discuss the allegations of harassment.  According to plaintiff, Locus and Ingram said at this meeting that they would "take care" of her complaint and "get to the root" of the problem.  At the end of October, the investigators again met with the plaintiffs, this time at Mr. Killingsworth's office.

On November 3, the plaintiff claims she attempted to return to work but could not get medical clearance to do so. While at the postal facility that day, defendant Louis Spadaro gave plaintiff his phone number, the final act of alleged discrimination during 2004.  She returned to work on November 13 and she remained until March 3, 2005.  In late January, 2005, the plaintiff asked Sheila Locus whether she worked in the Postal Service's Equal Employment Opportunity Office ("EEO Office"). Locus replied that she did not.  Plaintiff initiated formal

-6-

counseling with the EEO Office on February 15, 2005.  She filed
her formal complaint that same day concerning the instances of
discrimination she alleged took place between April and November,
2004.

On March 4, 2005, plaintiff initiated the
administrative process a second time regarding purported
retaliation of Micros Berry,[2] which is discussed below.  The
United States Postal Service Equal Employment Opportunity Office
denied the plaintiff's first formal complaint as untimely on
April 7, 2005.  That same day the Post Office sent the dismissal
of the formal complaint by certified mail to the plaintiffs' home
address.  Although the return receipt is signed "D.
Killingsworth," it is not dated.  Plaintiff contends that she did
not receive notice of the dismissal until "around" May 15, when
she picked up a copy at the Kingsessing Post Office in
Philadelphia.  Eighty-eight days later, on August 10, 2005,
plaintiff filed the complaint in this action.

Whether plaintiff timely filed her complaint with the
court must await trial.  Moreover, there is a lack of clarity and
disputes of fact in the present record to the timing and
significance of events during the administrative phase of this

_____

2.  The parties spell Mr. Berry's first name different ways in
various documents.  The complaint and the defendants spell Mr.
Berry's first name "Micros" while the plaintiffs' briefs spell
the name "Micos."  We adopt the spelling used in the complaint.

matter.  Again, summary judgment is not appropriate and must be
denied.

We now turn to plaintiff's claim of retaliation under
Title VII.  To establish a prima facie case of retaliation, the
plaintiff must show that "(1) he or she engaged in a protected
employee activity; (2) the employer took an adverse employment
action after or contemporaneous with the protected activity; and
(3) a causal link exists between the protected activity and the
adverse action."  Weston v. Pennsylvania, 251 F.3d 420, 430 (3d
Cir. 2001); see also Slagle v. Cty. of Clarion, 435 F.3d 262, 265
(3d Cir. 2006).

As discussed above, the plaintiff alleges that on
several occasions throughout 2004 she complained to Joseph Brown,
Cindy Davis, Ronald Lamb, and two postal investigators, Ray
Ingram and Sheila Locus, about the harassment she allegedly
suffered.  On or about the morning of January 21, 2005, the
plaintiff was called to the office of Micros Berry, the Senior
Plant Manager, to discuss her complaints of sexual harassment.
Union representative Rita Nelson was also present at that
meeting.  Plaintiff maintains that at this meeting Berry called
her a "flirt" and that in doing so he retaliated against her for
complaining about sexual harassment.  She does not point to any
action taken by Berry or any other postal employee at that
meeting or at any other time that altered her salary, position,

-8-

responsibilities, or other terms, conditions, and privileges of her employment.  Further, she has not alleged that Berry changed her status as an employee or denied her other employment opportunities.

The parties do not dispute that when plaintiff complained about sexual harassment she engaged in activity protected under Title VII.  The parties do dispute whether plaintiff has satisfied the second element of the prima facie case.  In Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997), our Court of Appeals affirmed the district court's grant of judgment as a matter of law to the City on Robinson's Title VII retaliation claim because the alleged conduct did not give rise to a claim of retaliation.  Speaking through then-Judge Alito, the Court of Appeals explained that "unsubstantiated oral reprimands and unnecessary derogatory comments ... do not rise to the level of what our cases have described as adverse employment action."  Robinson, 120 F.3d at 1300 (internal punctuation omitted).  Indeed, "not everything that makes an employee unhappy qualifies as retaliation, for otherwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit."  Id. (internal citation omitted).  The adverse employment action "element of a retaliation plaintiff's prima facie case incorporates the [] requirement that the retaliatory conduct rise

-9-

to the level of a violation of 42 U.S.C. § 2000e-2(a)(1) or (2)."
Id. at 1300-01.  Such conduct must be "serious and tangible
enough to alter an employee's compensation, terms, conditions, or
privileges of employment."  Id. at 1300.

Plaintiff has not pleaded any facts in the Complaint or
stated anything in her affidavit that suggests she suffered any
"adverse employment action" or that any supervisory figure at the
post office took any action against her after she complained
about her harassment.  Berry did nothing whatsoever to punish the
plaintiff.  Calling plaintiff a "flirt" might have been
unprofessional, rude, or otherwise inappropriate, but it was not
an adverse employment action as it did not alter the
compensation, terms, conditions, or privileges of her employment.
Accordingly, we will grant defendants' motion for summary
judgment with respect to the retaliation claim.

III.

The defendants maintain that the plaintiff's state law
claims are preempted by the remedial regime in the Civil Service
Reform Act ("CSRA"), 5 U.S.C. § 2302, which addresses employee
challenges to employment decisions in the federal workplace.  As
our Court of Appeals has not addressed the interplay between the
CSRA and state tort remedies, the defendants primarily rely on
Roth v. United States, 952 F.2d 611, 614-15 (1st Cir. 1991) and
Saul v. United States, 928 F.2d 829, 840-43 (9th Cir. 1991).

-10-

Congress designed the CSRA to be a comprehensive, unified, and exclusive administrative framework for resolving disputes regarding adverse personnel actions taken against employees.  Id.  Therefore, if the state law tort actions brought in this case conflict with this objective, they are within the scope of the CSRA and are preempted.  See id.; see also California Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 281 (1987).  The CSRA states "[f]ederal personnel management should be implemented consistent with ... merit system principles."  5 U.S.C. § 2301(b).  This requires that "any employee who has authority to take, recommend, or approve any 'personnel action' shall not" exercise that authority in a matter that discriminates on the basis of sex as prohibited by Title VII.  Id. §§ 2302(b), (b)(1)(A).  A "personnel action" is defined as:

> (I) an appointment; (ii) a promotion; (iii) an action under chapter 75 of this title or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under chapter 43 of this title; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in this subparagraph; (x) a decision to order psychiatric testing or examination; and (xi) any other significant change in duties, responsibilities, or working conditions; with respect to an employee in, or applicant for, a covered position in an agency ...

-11-

Id. § 2302(a)(2)(A).  The CSRA will only preempt the plaintiffs'
state law claims if the harassing conduct is a "personnel action"
as defined in § 2302(a)(2)(A), and the defendants are employees
with "authority to take, recommend, or approve" the personnel
action, and the specific type of abuse is listed in
§§ 2302(b)(1)-(11).  See Broughton v. Courtney, 861 F.2d 639, 644
(11th Cir. 1988).

        The record before the court does not support the
defendants' contention that the CSRA preempts the plaintiffs'
state law claims.  The conduct, either alleged in the complaint
or further described by Ms. Killingsworth's affidavit, does not
fall under any category of "personnel action."  Even if
§ 2302(a)(2)(A)(xi) does cover the facts alleged here, two of the
three defendants are not employees with "authority to take,
recommend, or approve" any personnel action with regard to Debra
Killingsworth.  Id. § 2302(b).  Roland Ragsdale was a co-worker
and Glen Sullivan was not the plaintiff's supervisor.  Finally,
even if Spadaro, Sullivan or Ragsdale are proper defendants under
§ 2302(b), the facts underlying plaintiffs' tort claims are not
at all related to any authority of the individual defendants to
make personnel decisions regarding plaintiff's position, working
conditions or responsibilities.  See Kent v. Howard, 801 F. Supp.
329, 333 (S.D. Cal. 1992); Jense v. Runyon, 990 F. Supp. 1320,
1330 (D. Utah 1998).  Therefore, the plaintiffs' state tort

-12-

claims do not fall within the scope of the CSRA and, thus, are
not preempted.

IV.

We next address the defendants' argument under the
Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., that
the United States must be substituted as the defendant in place
of Spadaro and Sullivan since the United States Attorney has
certified that they were acting within the scope of their
employment at all times relevant to the plaintiffs' state law
claims.

Federal employees are immune from all state tort claims
committed while acting within the scope of their employment.  See
28 U.S.C. § 2679(b)(1).  If a plaintiff files such claims against
federal employees seeking money damages, the claim is deemed
against the United States under the FTCA upon certification by
the United States Attorney that the employees were acting within
the scope of their employment.  The United States must then be
substituted as the defendant.  See id. § 2679(d)(1); 28 C.F.R.
§ 5.3.

However, the scope-of-employment certification of a
United States Attorney under 28 U.S.C. 2679(d)(1) is not the last
word on the subject.  It may be reviewed by the district court.
See Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995).  The
certification should state the basis for its conclusion.  This

-13-

conclusion may be challenged by a party who comes forward with competent evidence.  <u>Melo v. Hafer</u>, 13 F.3d 736, 747 (3d Cir. 1994).  If evidence is offered that supports a finding other than the one contained in the certification, the parties are entitled to an evidentiary hearing to determine whether a defendant was acting within the scope of his or her employment at the relevant times.  <u>Id.</u>  The district court must then resolve all questions of law or fact relevant to the certification and any motion to substitute parties.  <u>Id.</u>

The United States Attorney for the Eastern District of Pennsylvania has certified that for purposes of plaintiffs' state tort claims defendants Louis Spadaro and Glenn Sullivan were at all times acting within the scope of their employment.  He moves to substitute the United States as a defendant in place of Spadaro and Sullivan.  The certification does not seek substitution for defendant Roland Ragsdale.  The United States Attorney simply states that in reaching his conclusion "I have considered (1) the Complaint, (2) the representation of counsel for the United States Postal Service that Messr[s]. Spardo [<u>sic</u>] and Sullivan were acting within the scope of their employment by the United States Postal Service at the time of the events and occurrences in question."  Plaintiffs' assert their state claims should not be dismissed because defendants' actions were not in furtherance of any official purpose and therefore not within the

-14-

scope of their employment.  To support their contention, the
plaintiffs provide an affidavit from Debra Killingsworth
detailing the her accusations of improper kissing and touching
against each of the individual defendants.

The plaintiffs have offered evidence supporting the
allegations set forth in the Complaint.  That evidence, if
believed, calls into question the United States Attorney's
certification that the individual defendants were acting within
the scope of their employment.  We must hold an evidentiary
hearing as described by our Court of Appeals in <u>Melo</u>, after which
this court will determine whether or not to substitute the United
States for the individual defendants.  Accordingly, the motion to
dismiss the tort claims against defendants Spadaro and Sullivan
and substitute the United States as defendant in their place will
be denied without prejudice pending such a hearing.

V.

Finally, the individual defendants aver that they have
not been served with process.  If a plaintiff has not served a
defendant with process within 120 days of the filing of the
Complaint, Rule 4(m) of the Federal Rules of Civil Procedure
states that the court "shall dismiss the action without prejudice
as to that defendant or direct that service be effected within a
specified time."  We will allow plaintiffs an additional thirty
days to effectuate service of process on Louis Spadaro, Glenn

-15-

Sullivan and Roland Ragsdale.  Failure to make service will result in the dismissal of the Complaint against the defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBRA A. KILLINGSWORTH, et al.  :       CIVIL ACTION
                                 :
            v.                   :
                                 :
JOHN E. POTTER, et al.           :       NO. 05-4271

ORDER

AND NOW, this 20th day of March, 2006, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that the motion of defendants to dismiss and/or for summary
judgment is GRANTED in part and DENIED in part:

(1)  the motion of defendants Louis Spadaro, Glenn
Sullivan and Roland Ragsdale to dismiss the plaintiff's claims
against them under Title VII of the Civil Rights Action is
GRANTED;

(2)  the motion of defendants for summary judgment is
GRANTED with respect to plaintiff's retaliation claim;

(3)  judgment is entered in favor of defendants John E.
Potter, Postmaster General, United States Postal Service and
against plaintiffs David and Debra Killingsworth on their claim
of retaliation;

(4)  the motion of defendants is DENIED insofar as it
seeks to preempt plaintiffs' state law claims under the Civil
Service Reform Act;

(5)   the motion of defendants is otherwise DENIED without prejudice; and

(6)   plaintiffs shall effect service of process on defendants Louis Spadaro, Glenn Sullivan and Roland Ragsdale within thirty (30) days of the date of this Order.  Failure to do so will result in the dismissal of all claims against said defendants.

BY THE COURT:


/s/ Harvey Bartle III
                                                    C.J.